## RUSSELL *v.* GIBLIN.

### (*City Court of New York, General Term.* May 31, 1889.)

DAMAGES—REMOTE—BREACH OF CONTRACT.

Under a covenant in a lease to furnish the lessee with "steam-power and live steam daily, as required * * * for the general business of book-binding, to be carried on by the lessee during the whole of the term," (over five years,) the lessee cannot recover damages for injury to his business caused by the insufficient and irregular supply of steam, which he nevertheless continues to use without making any attempt to procure an adequate supply from other sources. Such damages are too remote, and not within the contemplation of the parties.

Appeal from trial term.

The defendant leased to the plaintiff the second, third, and fourth lots of premises Nos. 24 to 34 New Chambers street, for five years and four months from January 1, 1886, at a stipulated rental, and covenanted and agreed to furnish the plaintiff with "six-horse steam-power and live steam daily, as required, from $7\frac{1}{2}$ A. M. till 6 P. M., for the general business of book-binding, to be carried on by [the plaintiff] during the whole of the term." The complaint alleges that the plaintiff took possession of the premises under the lease, and has used the same in his business of book-binding, and has faithfully performed all the covenants of the lease on his part to be performed. The plaintiff then alleges by way of breach that the defendant "utterly failed to keep and perform the covenant of said lease on his part, inasmuch as between the 10th day of May, 1886, and the 26th day of July, 1886, the defendant failed to supply the plaintiff with steam-power and live steam, as covenanted in said lease, but, on the contrary, supplied the plaintiff occasionally and from time to time insufficient and inadequate steam-power and live steam, in so defective and irregular a manner, and at such irregular intervals, and with such varied power and intensity, that by reason of the defects and utter inadequacy of said live steam and steam-power the plaintiff became and continued unable to keep his servants and employés engaged in the industry aforesaid continuously and profitably employed." The complaint also alleges that in consequence of the breach the plaintiff suffered great loss and damage; that he was unable to obtain the steam elsewhere, and was compelled to rely on the inadequate fitful, irregular and spasmodic service of the power the defendant was pleased to furnish. It further alleges that the defendant had full knowledge of the foregoing facts, and of the importance of the covenant to the plaintiff, and of the perils and loss which he would sustain by reason of the breach. The plaintiff claims as damages for the breach aforesaid, $1,326.66. The plaintiff served a bill of particulars, in which he itemized the damages claimed. The following is all that took place at the trial: "Defendant's counsel admits, for the purpose of this trial, that the plaintiff has sustained the damages set forth in the complaint and bill of particulars; and this admission is made for the purpose of relieving the plaintiff of the necessity of offering proof. Counsel for plaintiff and defendant rest. *'Defendant's Counsel.* I move that your honor direct a verdict for the defendant on the ground that the above-mentioned damages are too remote, contingent, and speculative to constitute a basis of recovery.' Motion denied. *'Defendant's Counsel.* Then I move that your honor direct a verdict for plaintiff in the nominal damage of six cents, on the ground that the above-mentioned damages are too remote, contingent, and speculative to constitute any basis for recovery.' Motion granted. *'Plaintiff's Attorney.* I except to your honor's direction, on the ground that it is improper and inadequate, and I ask leave to go to the jury upon the question of the entire damages set forth in the bill of particulars. *The Court.* The damages you claim to recover are those set forth in the bill of particulars, or some part of them? *Plaintiff's Counsel.* Yes, sir. *The Court.* I will deny your motion.' Plaintiff's counsel excepts." By direction

of the court, the jury found a verdict for the plaintiff for six cents damages, and from the judgment entered upon the verdict, the plaintiff has appealed.

Argued before McAdam, C. J., and Nehrbas and Holme, JJ.

*W. R. Wilder*, for appellant. *Souther & Stedman*, for respondent.

Per Curiam. The plaintiff had one of two remedies: (1) He might have supplied the steam himself, and charged the defendant with the expense; or (2) he might have recovered from the defendant the difference in value between the quantity of steam actually supplied and that which was agreed to be furnished. Either of these courses would have furnished a certain and ascertainable measure of damages, and either would have compensated for the breach. The contract was to continue for over five years, and, if any other measure of indemnity were allowed, the damages would continue to grow into proportions exceeding in amount anything either of the parties could ever have contemplated. Such damages cannot be allowed to accumulate unnecessarily, and must be limited to such as may be fairly supposed to have entered into the contemplation of the parties when they made the contract. They must be such as may naturally be expected to flow from a violation of the contract, and they must be certain, both in their nature and in respect to the cause from which they proceed. It was the duty of the plaintiff to use ordinary and reasonable care and means to prevent an injury and the consequences of it, and he can only recover for such losses as could not, by such care and means, be avoided. It is the plaintiff's own fault if he fails to use reasonable efforts, care, and diligence to protect himself from injury or loss; and where he fails so to do he will not be permitted to say that the loss that might have been thus avoided was caused by the wrong of the defendant; for it is against the policy of the law, as well as common principles of justice to permit a party to reap any advantage from his own negligence or want of ordinary care, or from his own wrong, or from his own and another's neglect or wrong. Field, Dam. § 126. The plaintiff might have recovered in this case damages for the steam unfurnished, for it diminished the value of the thing he had hired and contracted to pay for; but this is not made an item of damages in his bill of particulars, which is an amplification of his complaint. He cannot claim one thing in his bill, and recover for another entirely different. He might have furnished the steam himself, and charged the defendant with the expense, together with such actual loss of time of his employés as could not have been avoided while he was necessarily engaged in the work of fitting up the apparatus. But this he did not attempt to do, and, if the plaintiff is allowed to recover substantial damages for the item contained in his bill of particulars, it means that he may accumulate damages during the whole term of the lease, which in the end may exceed the rent he agreed to pay, perhaps the value of the building he occupies, for there is no certainty what they will amount to, or where they will end. They are too remote to have ever been contemplated by any one at the time of the making of the contract. The damages claimed did not arise while the plaintiff was in the act of attempting to supply the steam the defendant had failed to furnish, but arose from the idleness of the plaintiff's employés, or what the plaintiff characterizes in his bill as "total stoppage of work from May 10 to June 15, 1886, (31 days.)" We find no warrant in the law for charging these expenses to the defendant as damages naturally to be expected to flow from the defendant's breach or partial failure to perform. It is for these reasons, and those expressed in the opinion rendered on a former appeal in this case, (see 8 N. Y. St. Rep. 336,) that we are compelled to affirm the judgment appealed from.